# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**AREU STUDIOS, LLC,**<br><br>    Debtor. | **CHAPTER 11**<br><br>**CASE NO. 20-71228-PMB** |

### MOTION REQUESTING AUTHORITY TO USE CASH COLLATERAL

COMES NOW Areu Studios, LLC ("Debtor"), by and through the undersigned counsel, and hereby files this "*Motion Requesting Authority to Use Cash Collateral*" ("Motion"). In support of the Motion, Debtor shows the Court as follows:

### Jurisdiction

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a) and 363.

### Background

1. On October 29, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

2. Debtor is a Georgia Limited Liability Company. Debtor operates an entertainment studio with principal offices located at 3133 Continental Colony Parkway SW, Atlanta, GA, 30331 (the "Business").

3. Debtor's Manager is Ozzie Areu.

4. Pursuant to Bankruptcy Code Sections 1107 and 1108, Debtor continues to operate its business as a debtor-in-possession. Debtor is currently a debtor-in-possession and seeking to restructure and reorganize its business and is taking any and all actions necessary to preserve, protect, and maximize the value of the estate and effectively reorganize the business.

5. In order to effectively reorganize, Debtor must have access to cash to pay its operating expenses and payroll.  If Debtor does not have the authority to use its available cash to pay its operating expenses including pay roll it, the estate will suffer irreparable harm.

## Liens

6. Upon information and belief, LV Atlanta, LLC ("LV") may assert a security interest in the rents received by Debtor pursuant to that certain Assignment of Leases and Rents by and between Good Deed 317, LLC and LV as Debtor is the tenant of Good Deed 317, LLC pursuant to a Studio Master Lease Agreement dated March 1, 2019.  Debtor has entered into a sublease agreement with Cinelease, Inc. for a monthly rent of $154,000.00 per month. Out of an abundance of caution, Debtor files this Motion.

7. Based upon a review of records and financing statements, it does not appear that any other party asserts an interest in the cash and accounts of the Debtor.

## Relief Requested

8. By this Motion, Debtor requests that the Court issue an interim order authorizing the use of cash collateral to avoid immediate and irreparable harm to the estate.

## Basis for Relief

9. Section 363(c)(2) provides that a debtor in possession may not use cash collateral unless an entity that has an interest in such cash collateral consents or the court approves the use of such cash collateral.  Section 363(o) provides that at a hearing on the use of cash collateral,

the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest.  Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral until earlier than 14 days after service of the motion, but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

10.     Debtor has an immediate need to continue the operation of the business and to protect the interest of the estate.  Without the use of cash collateral and the ability to operate, Debtor will not be able to pay operating expenses necessary for the continuity of Debtor's operations and an effective reorganization.

11.     The entry of an Order granting Debtor's motion to use cash collateral will minimize disruption of Debtor's activities and is in the best interests of Debtor's estates and its creditors.  Any interruption or disruption of Debtor's operations will be detrimental to Debtor and all other interested parties.

12.     Debtor requests that the Court approve the payment of Debtor's reasonable and necessary expenses. Debtor's forecasted budget is attached hereto as Exhibit "A" and adopted herein by reference, the line items of which Debtor may modify by no more than ten percent (10%), except further provided that Debtor may pay the actual amount owed or deposit required to any utility, taxing authority or insurance company.

## Notice

13.     Notice of this Motion will be given to: (i) the Office of the United States Trustee, (ii) Respondent, and (iii) the parties listed on each of Debtor's twenty (20) largest unsecured creditors list.  Debtor submits that, under the circumstances, no other or further notice is required.

WHEREFORE, for all of the above reasons, Debtor requests that the Court:

(a) grant the motion so that the Debtor may be authorized to pay expenses and other expenditures reasonably necessary for the continued operation of the Debtor's business affairs until such time as a final hearing may be held, so that immediate and irreparable harm to the estate may be avoided;

(b) schedule a final hearing on use of cash collateral so that the Debtor may be authorized to pay reasonable and necessary operating expenses for the time period following the final hearing; and

(c) grant the Debtor such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED this 10th day of November, 2020.

**JONES & WALDEN, LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Proposed Attorney for Debtor
699 Piedmont Ave, NE
Atlanta, Georgia 30308
(404) 564-9300
cmccord@joneswalden.com

4

**Exhibit "A"**

**Areu Studios Monthly Cash Budget**

| | |
|---|---:|
| **Revenue** | |
| Master Lease Cinelease | 154,500 |
| Cinelease Attributed Rentals | 213,477 |
| Cinelease Rental Remittance | (213,477) |
| Other - Reimbursements | 0 |
| **Total Revenue** | 154,500 |
| **Expenses** | |
| TP Krog Interest | 0 |
| LV Interest | 0 |
| Repairs & Maint. | 13,000 |
| Equipment Rental | 1,000 |
| Insurance | 10,000 |
| Utilities - Power | 27,000 |
| Utilities - Gas | 3,000 |
| Utilities - Water | 2,500 |
| Utilities - Phone/Internet | 4,500 |
| Security | 30,000 |
| Waste Management | 1,000 |
| HVAC service contract | 12,800 |
| Pest Control | 1,100 |
| Directv | 300 |
| Payroll Service | 850 |
| Office Expenses | 1,000 |
| Miscellaneous Expense | 500 |
| Compensation - facilities team | 32,000 |
| Compensation - executives | 0 |
| Healthcare | 6,600 |
| Travel & Ent., Business Dev. | 1,500 |
| Marketing/Promo/Website | 1,500 |
| Accounting | 4,000 |
| Legal & Professonal | 0 |
| Total Expenses | 154,150 |
| Net Cash Flow | 350 |
| | |
| Approx. available Cash | 50,000 |