**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**AREU STUDIOS, LLC,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 20-71228-PMB** |

**NOTICE OF FILING CONFIDENTIALITY AGREEMENT**

COMES NOW Areu Studios, LLC ("Debtor"), and by and through undersigned counsel, hereby shows and files the *Confidentiality, Non-Disclosure, and Non-Waiver Agreement* attached hereto and incorporated by reference as Exhibit "1".

Respectfully this 7th day of December, 2020

**JONES & WALDEN LLC**

*/s/ Aaron Anglin*
Aaron Anglin
Georgia Bar No. 585863
Attorneys for Debtor
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
aanglin@joneswalden.com

**Exhibit "1" Follows**

Case 20-71228-pmb    Doc 42    Filed 12/07/20    Entered 12/07/20 13:18:22    Desc Main
Document    Page 2 of 16

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**GOOD DEED 317, LLC,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 20-71227-pmb** |
| IN RE:<br><br>**AREU STUDIOS, LLC,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 20-71228-pmb** |

## CONFIDENTIALITY, NON-DISCLOSURE, AND NON-WAIVER AGREEMENT

This Confidentiality, Non-Disclosure, and Non-Waiver Agreement (this "Agreement") is entered into as of December 3, 2020 by and between Areu Studios, LLC ("Areu"), Good Deed 317, LLC ("Good Deed," and together with Areu, the "Debtors") and LV Atlanta LLC ("LV"). Areu, Good Deed, and LV are collectively referred to herein as the "Parties" or individually as a "Party."

## R E C I T A L S

**WHEREAS**, on October 29, 2020, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court"), thereby commencing the above-captioned Chapter 11 cases (the "Chapter 11 Cases");

**WHEREAS**, on November 19, 2020, LV filed motions in the Chapter 11 Cases [D.E. 23, Case No. 20-71227; D.E. 30, Case No. 20-71228] (the "2004 Motions") seeking orders directing the Debtors to, among other things, produce certain Documents (as such term is defined in the 2004 Motions) pursuant to FED. R. BANKR. P. 2004;

111667310

**WHEREAS**, the Court granted the 2004 Motions by orders dated November 24, 2020 [D.E. 25, Case No. 71227; D.E. 34, Case No. 20-71228]; and

**WHEREAS**, the Parties agree that any confidential, proprietary, and/or otherwise commercially sensitive Documents produced by the Parties in the Chapter 11 Cases and all adversary proceedings, contested matters, discovery actions or other actions in the Chapter 11 Cases or any litigation or proceeding (administrative or otherwise) arising from or relating to the Chapter 11 Cases, any contested matter or adversary proceeding brought in connection with the Chapter 11 Cases, and the enforcement or defense of any claim, whether inside or outside the context of the Chapter 11 Cases, involving the Debtors or a third party if the subject of such claim against a third party relates to any of the Debtors (collectively, the "Proceedings") should be subject to the terms of this Agreement.

<u>A G R E E M E N T</u>

**NOW**, **THEREFORE,** IN CONSIDERATION OF THE FOREGOING AND THE COVENANTS HEREINAFTER SET FORTH, AND OTHER GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH ARE HEREBY ACKNOWLEDGED, THE PARTIES STIPULATE AND AGREE TO THE FOLLOWING:

1. <u>Designation of Confidential Material</u>. Any Party producing Documents (the "Producing Party") to another Party (the "Receiving Party") in response to a formal discovery request may designate such Documents as confidential if the Producing Party believes, in good faith and with a reasonable basis, that the Documents (or portions thereof) are proprietary, commercially sensitive, or otherwise confidential and should be protected from public dissemination (as such, "Confidential Information"). At or before the time of production (except as otherwise set forth herein), the Producing Party may designate a Document as protected

Confidential Information by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO AGREEMENT" on the Document in a manner that will not interfere with the legibility of the Document; provided, that any Documents produced electronically (or stored on a device) may be designated as Confidential Information if the Producing Party either (a) places the words "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO AGREEMENT" on the device itself, if possible, or (b) designates the Documents as containing Confidential Information in any accompanying correspondence (including email) transmitted at or before the time of production (except as otherwise set forth herein).

2.  Prior Production.  The Parties expressly acknowledge and agree that the provisions of this Agreement shall govern any Confidential Information produced by the Debtors in response to the 2004 Motions prior to the execution of this Agreement; provided, however, that the Debtors must have first designated such production(s) as Confidential Information in accordance with ¶ 1 hereof.

3.  Disclosures to Qualified Persons.  All Confidential Information shall be kept confidential and shall not, without the Producing Party's prior written consent, be disclosed by the Receiving Party (or its advisors, agents, representatives, or employees) to any person or entity other than the following:

(a) the Receiving Party's officers and/or members;

(b) attorney(s) for the Receiving Party, and employees of such attorneys, who are working directly on the Chapter 11 Cases and to whom it is necessary that the information be disclosed for purposes of such work;

(c) representatives, advisors, professionals (other than legal counsel), consultants, investigators, or experts employed by or retained to work directly on this matter

- 3 -

by the Receiving Party, who, *before any disclosure* shall both (i) be advised of, and agree to be subject to, the provisions of this Agreement and (ii) execute the *Notice of Confidentiality Agreement and Consent to be Bound* in the form attached as Exhibit "A" hereto;

(d) witnesses or deponents, and their counsel, during the course of or in preparation for depositions or testimony in the Proceedings;

(e) court reporters, litigation vendors, and other litigation support personnel engaged or retained for these Proceedings; and

(f) any other person or entity (i) designated as a Qualified Person by order of the Court or (ii) to whom the Producing Party consents to the disclosure of the Confidential Material.

Without limiting the generality of the foregoing, the Receiving Party shall not, without the prior written consent of the Producing Party, file with the Court or any other court or administrative agency any motion, pleading, or other document (a "Filing") that discloses any of the Producing Party's Confidential Information without first seeking authority to make such Filing under seal (such request, a "Sealing Motion"); provided, however, that if the Sealing Motion is denied, then the Court's ruling shall supersede this Agreement and the material may be filed publicly without seal; provided further, that nothing in this Agreement shall prohibit or limit the Receiving Party from submitting a public Filing that removes or redacts the Producing Party's Confidential Information.

4.  Use of Confidential Material. No one shall be permitted access to Confidential Information for any purpose other than in connection with the investigation, prosecution, defense, or appeal of these Proceedings in accordance with the terms of this Agreement; provided, however, that any Party may use its own Confidential Information for any purpose; provided further, that

- 4 -

111667310

nothing herein shall prevent any use or disclosure of Confidential Information beyond the terms of this Agreement (a) if the Producing Party consents in a prior writing to such use or disclosure and/or (b) if the Court orders or otherwise allows such use or disclosure.

5. Deposition Matters. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Information either by: (a) indicating on the record during the deposition that a question calls for Confidential Information; or (b) notifying the court reporter and all counsel of record then in attendance, in a writing transmitted within 21 days after receipt of the transcript, of the specific pages and/or lines of the transcript that contain Confidential Information, in which case all counsel receiving the transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or its counsel. During the 21-day period following receipt of the transcript, all Parties shall treat the entire deposition transcript as Confidential Information.

6. Contesting Designation of Confidential Information. The Receiving Party shall not be obligated to challenge the Producing Party's designation of Confidential Information at the time the Producing Party makes such designation, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that the Receiving Party disagrees at any stage of these Proceedings with the Producing Party's designation of any Confidential Information, the Receiving Party and Producing Party shall first try to resolve such dispute in good faith on an informal basis. If the dispute is not resolved, then the objecting Receiving Party may seek appropriate relief from the Court.

7. Compelled Disclosure of Confidential Information. In the event that the Receiving Party becomes legally compelled (by deposition, interrogatory, request for documents, subpoena,

court order, civil or criminal investigative demand, regulatory requirement, or similar process) to disclose any of the Producing Party's Confidential Information, the Receiving Party shall notify the Producing Party in writing immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena, court order, or other demand requiring disclosure or production of the Producing Party's Confidential Information. If possible, the Receiving Party shall also provide the Producing Party with at least ten (10) business days to object to the subpoena or other demand before producing any Confidential Information so that the Producing Party may seek a protective order or other appropriate remedy, at the Producing Party's election and sole expense, and/or waive compliance with the terms of this Agreement.

8. <u>Inadvertent Disclosure</u>. If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any non-qualified person or in any circumstances not authorized under this Agreement, the Receiving Party must, within five (5) days after so learning: (a) notify the Producing Party in writing of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential Material; (c) inform the person or persons to whom the unauthorized disclosures were made of the terms of this Agreement; and (d) request that such person or persons execute the *Notice of Confidentiality Agreement and Consent to be Bound* in the form attached hereto as Exhibit "A."

9. <u>Clawback and Nonwaiver</u>. The production of privileged or work-product protected Documents, electronically stored information, or other information (collectively, the "<u>Privileged Information</u>"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in these Proceedings or in any other proceeding, and the Parties expressly agree that this Agreement shall be interpreted to provide the maximum protection allowed by Federal Rule of

- 6 -

111667310

Evidence 502(d). Upon discovery by a Producing Party that it did produce or may have produced Privileged Information, the Producing Party shall, within ten (10) days of such produced Privileged Information, request the return of such Privileged Information by sending a written notification (a "Clawback Letter") to the Receiving Party, which shall identify the Documents or ESI in question by Bates number or otherwise and the basis on which the Privileged Information should have been withheld from production. The requirements in this paragraph apply equally to instances in which a Producing Party discovers during a deposition that it did produce or may have produced Privileged Information. For purposes of this protocol, "discovery" shall mean "actual notice"; production of Privileged Information alone is insufficient to constitute actual notice. Upon receipt of a Clawback Letter, the Receiving Party shall promptly destroy or delete all Documents or ESI containing Privileged Information identified in the Clawback Letter, and all reproductions or summaries thereof, regardless of whether the Receiving Party plans to challenge the claim of privilege. The Receiving Party shall follow these procedures regardless of whether a Document is comprised fully or partially of Privileged Information. The Producing Party shall, within twenty (20) business days of the date of the Clawback Letter, reproduce any Document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted. If a Receiving Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the Producing Party and provide the basis for disputing the privilege claim in writing. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. Thereafter, the Parties shall meet and confer in a good faith attempt to resolve the dispute. In the event the Parties do not resolve their dispute, the Receiving Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the Producing Party shall submit to the Court, under seal and for *in camera* review, a copy of the

- 7 -

disputed Privileged Information in connection with its motion papers. This *in camera* submission to the Court shall not constitute a waiver of any privilege or protection. Any motion to determine whether a privilege applies shall be filed no later than thirty (30) days after the Parties meet and confer, unless otherwise agreed to in a writing by the Parties. All Documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the Parties. The obligations of the Parties set forth in this paragraph apply irrespective of the care taken by the Producing Party to prevent the disclosure of the Privileged Information.

10. <u>Duration and Final Disposition</u>. Insofar as the provisions of this Agreement restrict the disclosure and use of Confidential Information produced in accordance with the terms hereof, this Agreement shall remain in effect until all Proceedings have finally concluded. Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, the Receiving Party shall either (a) return to the Producing Party all of the Producing Party's Confidential Information or (b) destroy the Producing Party's Confidential Information (then in the possession of the Receiving Party) instead of returning it, in each case by no later than sixty (60) days after the closure or termination of all Proceedings.

11. <u>Exclusions</u>. Nothing in this Agreement shall apply to Documents or things supplied by the Producing Party or to information therein which the Receiving Party can affirmatively show: (a) (i) in the case of Documents or things, that the Documents or things were properly in the possession of the Receiving Party before disclosure hereunder, or (ii) in the case of information, that the information properly was known to the Receiving Party before disclosure hereunder; (b) are part of the public domain or become part of the public domain through no breach of the provisions of this Agreement; (c) were independently developed by the Receiving Party through employees having no access to the applicable Confidential Information disclosed hereunder; or (d)

is disclosed to the Receiving Party by a third party, provided that such disclosure does not breach any obligations of confidentiality owed by the third party to the Producing Party.

12. <u>Confidential Information Proprietary</u>. The Parties acknowledge and agree that all Confidential Information shall remain the exclusive proprietary property of the Producing Party.

13. <u>Several Liability</u>. The Parties shall be severally (and not jointly) responsible for any breach of this Agreement. The Parties acknowledge and agree that the unauthorized disclosure or use of Confidential Information may cause irreparable harm and significant injury to a Producing Party, the degree of which may be difficult to ascertain and for which money damages may nor be a sufficient remedy. Therefore, the Producing Party shall be entitled to seek equitable relief, including, without limitation, an injunction and/or specific performance, in the event of any breach of the provisions of this Agreement, in addition to all other remedies available to the Producing Party at law or in equity.

14. <u>Modification and Non-Waiver</u>.

   (a) The provisions set forth in this Agreement may only be modified or waived by a separate writing by the Parties hereto expressly modifying or waiving the provision(s) at issue.

   (b) No failure or delay by any Party in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise preclude any further exercise of any right, power, or privilege hereunder.

15. <u>Consent to Jurisdiction; Governing Law</u>.

   (a) This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia without giving effect to the otherwise applicable

principles of law as to conflicts or choice of law of such state.

(b) The Parties (and any additional persons bound hereto) hereby irrevocably and unconditionally consent to the jurisdiction of the Court for any issues, actions, suits, or proceedings arising out of or relating to this Agreement.

16. <u>Miscellaneous</u>.

(a) The Parties agree that they will use Confidential Information solely in fulfillment of, or consistent with, their rights and duties under the Bankruptcy Code, and in connection with the Proceedings. The Parties agree to maintain confidentiality of all Confidential Information in accordance with the terms and provisions of this Agreement.

(b) This Agreement has been entered into by the Parties to facilitate the administration of the Proceedings. Neither the execution of this Agreement, nor the designation of any information, Document, or the like as "Confidential" or "Confidential Information" nor the failure to make such designation, shall constitute evidence with respect to any issue in these Proceedings.

(c) This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all of such counterparts taken together shall be deemed to constitute one and the same instrument. The Parties agree that electronic, facsimile, or PDF signatures shall be accepted as originals for all purposes under this Agreement.

[*Signatures on following page*]

111667310

AGREED AND ACKNOWLEDGED:

*Cameron M. McCord*
_____
Cameron M. McCord, Esq.
Jones & Walden, LLC
699 Piedmont Ave NE
Atlanta, GA 30308
(Phone) 404-564-9300
(Fax) 404-564-9301
cmccord@joneswalden.com

***Attorneys for Areu Studios, LLC and Good Deed 317, LLC***


AGREED AND ACKNOWLEDGED:

_____
Matthew R. Brooks, Esq.
Troutman Pepper Hamilton Sanders LLP
600 Peachtree St. NE, Ste. 3000
Atlanta, GA 30308
Telephone:    (404) 885-3000
Facsimile:    (404) 885-3900
matthew.brooks@troutman.com

***Attorneys for LV Atlanta LLC***

- 11 -

111667310

**EXHIBIT "A" FOLLOWS**

111667310

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**GOOD DEED 317, LLC,**<br><br>    Debtor. | **CHAPTER 11**<br><br>**CASE NO. 20-71227-pmb** |
| IN RE:<br><br>**AREU STUDIOS, LLC,**<br><br>    Debtor. | **CHAPTER 11**<br><br>**CASE NO. 20-71228-pmb** |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**
**BY CONFIDENTIALITY, NON-DISCLOSURE, AND NON-WAIVER AGREEMENT**

    The undersigned hereby acknowledges and agrees, under penalty of perjury, that he or she has read in its entirety and understands the Confidentiality, Non-Disclosure, and Non-Waiver Agreement, dated _____, 2020 (the "Agreement") executed by and between Areu Studios, LLC, Good Deed 317, LLC, and LV Atlanta LLC. The undersigned agrees to comply with and to be bound by all the terms of the Agreement and acknowledges that failure to so comply could expose it to significant damages and other liability. The undersigned further agrees that he or she will not disclose in any manner any documents or information designated as Confidential Information under the Agreement to any person or entity except in strict compliance with the provisions of the Agreement.

    The undersigned further consents to the jurisdiction of the United States Bankruptcy Court for the Northern District of Georgia for the purpose of enforcing the terms of the Stipulation, even if such enforcement proceedings occur after termination of the Chapter 11 Cases (as defined in the Agreement).

By: _____

Title: _____

Signed, Sealed and Delivered
in the Presence of:

_____(SEAL)

Dated: _____

111667310

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**AREU STUDIOS, LLC,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 20-71228-PMB** |

**CERTIFICATE OF SERVICE**

This is to certify that on this day the foregoing "Notice of Filing Confidentiality Agreement" was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Notice to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Matthew R. Brooks**    matthew.brooks@troutmansanders.com
- **Henry F. Sewell**    hsewell@sewellfirm.com, hsewell123@yahoo.com
- **Shawna Staton**    shawna.p.staton@usdoj.gov
- **Thomas R. Walker**    thomas.walker@fisherbroyles.com

This 7th day of December, 2020.

**JONES & WALDEN LLC**

*/s/ Aaron Anglin*
Aaron Anglin
Georgia Bar No. 585863
Attorneys for Debtor
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
aanglin@joneswalden.com