

**IT IS ORDERED as set forth below:**

Date: January 20, 2021

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>AREU STUDIOS, LLC,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 20-71228-PMB |

### SECOND INTERIM ORDER GRANTING DEBTOR'S
### EMERGENCY MOTION REQUESTING AUTHORIZATION
### TO USE CASH COLLATERAL AND NOTICE OF HEARING

THIS MATTER came before the Court for hearing on December 14, 2020 at 2:00 PM (the "Hearing") on Debtor's *Emergency Motion Requesting Entry of Order Authorizing the Use of Cash Collateral* (the "Motion") (Doc. No. 13) filed on November 10, 2020. At the Hearing, Cameron M. McCord appeared on behalf of Debtor, Matthew R. Brooks and Gary W. Marsh appeared on behalf of LV Atlanta, LLC ("LV"), Henry F. Sewell appeared on behalf of Cinelease, Inc., Thomas R. Walker appeared on behalf of Georgia Power Company, and Shawna

- 1 -

Staton appeared on behalf of the United States Trustee. At the Hearing, the Court approved use of Cash Collateral (as defined below) through January 19, 2021.

On December 16, 2020, the Court entered the *Order and Notice (A) Conditionally Approving Debtor's Disclosure Statement for Plan of Reorganization, (B) Establishing Balloting and Objection Deadlines, and (C) Scheduling Confirmation Hearing and Final Hearing on Disclosure Statement* (Doc. No. 47) scheduling Debtor's confirmation hearing for January 19, 2021 at 9:30 AM via WebEx. Debtor filed its *Motion Requesting Continuance of Confirmation Hearing* (Doc. No. 55) on January 11, 2021, and the Court entered the *Order and Notice Rescheduling WebEx Hearing and Extending Ballot and Objection Deadlines* (Doc. No. 57) on January 14, 2021, approving such continuation to February 23, 2021 at 9:30 AM.

Having considered the Motion, the Budget attached hereto as Exhibit "1" (the "Budget") and all other matters of record, the Court finds as follows:

A. On October 29, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, commencing this Chapter 11 case (the "Case").

B. Since the Petition Date, the Debtor has operated as a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

C. Debtor is a Georgia Limited Liability Company. Debtor operates an entertainment studio with principal offices located at 3133 Continental Colony Parkway SW, Atlanta, GA, 30331 (the "Business").

D. LV Atlanta, LLC asserts a security interest in the rents received by Debtor pursuant to that that certain Assignment of Leases and Rents by and between Good Deed

317, LLC and LV (the "Assignment of Leases and Rents") as Debtor is the tenant of Good Deed 317, LLC pursuant to a Studio Master Lease Agreement dated March 1, 2019.

E. The Debtor maintains that it requires the use of the cash collateral as defined in 11 U.S.C. § 363(c)(2) of the Bankruptcy Code (the "Cash Collateral") consisting of revenues from the operation of the Business in order to pay its operating expenses.

F. On November 19, 2020, this Court entered the *Interim Order Granting Debtor's Emergency Motion Requesting Authorization to Use Cash Collateral and Scheduling Final Hearing* (Doc. No. 29).

G. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Notice has been properly given in light of the circumstances in order to avoid irreparable harm to the Debtor's estate.

For the reasons stated on the record, and the Court being otherwise informed, it is hereby ORDERED that:

1. The aforesaid findings, enumerated in Paragraphs A through G above, are hereby incorporated into this Order as if fully set forth herein.

2. For as long as the Debtor faithfully performs its obligations under this Order and during the period (the "Interim Period") from the date of entry of this Order until 11:59 p.m. EDT on the date of the Final Hearing (as defined hereinbelow) or as extended by the consent of the parties and provided the Case is not dismissed or converted and the Debtor maintains in full force and effect all licenses, certificates, and permits necessary for the conduct of the Business, the Debtor shall have the right to use Cash Collateral during the Interim Period subject to all of the terms and conditions of this Order.

3. The Debtor's use of Cash Collateral during the Interim Period shall be solely for

purposes and in amounts specified in the Budget and to pay other expenses in the ordinary course of the Debtor's business that are authorized to be paid during the Interim Period by order of the Court after notice and a hearing, including to pay any required deposit to any utility, taxes that are incurred post-petition, or insurance premiums for any property or casualty insurance in effect as of the Petition Date. The Debtor shall be permitted a variance from the Budget line items not associated with utilities and insurance expenses by no more than 10% for each such line item during the interim period.

4.     As adequate protection for the Debtor's use of LV's Collateral (including the Cash Collateral) during the interim period contemplated under this Order, the Debtor shall remit to LV an adequate protection payment for the month of January 2021 in the amount of $70,000.00 (the "Adequate Protection Payment"). The Adequate Protection Payment shall be remitted by the Debtor to LV via wire transfer no later than 48 business hours of entry of this Order.

5.     As further adequate protection to LV for the Debtor's use of the Collateral (including the Cash Collateral), which shall be in addition to any other liens on the Collateral that are granted or extended to LV pursuant to 11 U.S.C. § 552, LV is hereby granted a security interest in and lien upon the rents of the Debtor or proceeds of such as further provided in the Assignment of Leases and Rents, whether in existence on the Petition Date or thereafter acquired or arising (the "Adequate Protection Lien"), as adequate protection against any diminution in value of the Collateral (including the Cash Collateral) resulting from the Debtor's use or consumption of such Collateral, provided, however, that the Adequate Protection Lien on any type or item of property of the Debtor in which LV holds a pre-petition security interest or lien shall have the same priority vis-à-vis any other valid and perfected lien as existed on the Petition Date.

6. Subject to Paragraph 9 hereinbelow, this Order is without any prejudice to the right of LV or any other interested party to object at any time to the Debtor's continued use of Cash Collateral during the Interim Period; to seek relief from the automatic stay, dismissal of the Case, or the appointment of a trustee; to contest the validity, nature, extent, or priority of any competing lien or security interest on any Collateral; to seek additional adequate protection or other relief under any applicable law (including the Bankruptcy Code), or any loan document; to obtain relief under 11 U.S.C. §507(b) to the extent the protections afforded herein prove to be inadequate; or to challenge or otherwise contest entry of any final order authorizing the confirmed use of Cash Collateral. The entry of this Order shall not be interpreted as an acknowledgement by LV that the protections of its interests that are afforded by this Order are adequate or an agreement by LV to support or accept the terms of any final order regarding the use of Cash Collateral, the propriety of the Debtor's commencement of the Case, the terms of any plan of reorganization or liquidation, any proposed disposition by the Debtor of any of its assets under Section 363 of the Bankruptcy Code, or any proposed treatment of LV's claim against the Debtor or liens on any property of the Debtor, nor shall the entry of this interim order, or LV's consent thereto, be deemed to limit LV's right to request or assert additional rights in any final order on the Debtor's use of its Cash Collateral, all such rights and remedies of LV being expressly preserved pending a final hearing.

7. This Order is also without prejudice to any claims, rights, defenses, or objections that (A) the Debtor may have to challenge the nature, validity, or extent of the lien or claim asserted by LV; and (B) LV may assert in any action, contested matter, or other proceeding by the Debtor to challenge the nature, validity, or extent of the liens or claims of LV.

8. Notwithstanding anything to the contrary within Bankruptcy Rule 4001(b)(2) or

any other rule of similar import, this Order shall be effective immediately upon its entry.

9. This Order shall constitute an interim order for the authorization to use the Cash Collateral pursuant to Section 363 of the Bankruptcy Code and Fed. R. Bankr. P. 4001(b)(2). Any person who objects to the relief provided herein on a final basis:

a. **Must file** a written objection, stating the grounds therefor, on or by February 18, 2021[1] ("Objection Deadline");

b. **Must serve** a copy of said objection on Debtor's counsel so that such written objection is received by Debtor's counsel by the Objection Deadline at the following address:

> Cameron M. McCord, Esq.
> Jones & Walden LLC
> 699 Piedmont Ave NE
> Atlanta, GA 30308

c. **Must advocate** the objection at the Final Hearing. If objections are timely filed and served by the Objection Deadline in accordance with this Order, a Final Hearing will be held on the **23rd day of February, 2021 at 9:30 a.m. in Courtroom 1202**, U.S. Courthouse, Richard B. Russell Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 (the "Final Hearing"). **"Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone."**

---

[1] The deadline for filing objections electronically through the Court's electronic case filing system shall be 11:59:59 p.m. The deadline for filing objections manually with the Clerk's office shall be 4:00 p.m.

- 6 -

**http://www.ganb.uscourts.gov/news/public-noticeregarding-court-operations-during-covid-19-outbreak** Any objection not timely filed, served and advocated at the hearing shall be deemed waived. If no objection is filed as set forth above by the Objection Deadline, this Order and the relief granted herein shall thereupon stand APPROVED on a final basis without further notice or hearing.

[End of Order]

**Prepared and presented by:**
JONES & WALDEN LLC
*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
699 Piedmont Ave NE
Atlanta, GA 30308
(404) 564-9300 Telephone
*Counsel for the Debtor*

**Consented to by:**
TROUTMAN PEPPER HAMILTON SANDERS LLP
*/s/Matthew R. Brooks*
Matthew R. Brooks
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3000
Email: matthew.brooks@troutman.com
*Counsel for LV Atlanta LLC*

**Order Reviewed By:**
NANCY J. GARGULA
UNITED STATES TRUSTEE
**Region 21**
*/s/ Jonathan S. Adams*
Jonathan S. Adams
Georgia Bar No. 979073
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
(404) 331-4437
jonathan.s.adams@usdoj.gov

**Distribution List:**

Cameron M. McCord
Jones & Walden LLC
699 Piedmont Ave NE.
Atlanta, Georgia 30308

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

Areu Studios, LLC
3133 Continental Colony Parkway SW
Atlanta, GA 30331

Matthew R. Brooks
Matthew G. Roberts
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308-2216

Document    Page 9 of 11

**Exhibit "1"**
**Budget**

| Jan-21 | | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Cash Available 1/1/2021** | | | 178,370.00 |
| **Reserve for January Payroll** | | | (32,000.00) |
| Available for January Bills | | | 146,370.00 |
| **Debits** | | | |
| ATT | | (723.32) | |
| ATT Internet | | (1,998.34) | |
| Sohonet | | (1,500.00) | |
| Ga Power | | (8,802.45) | |
| Watershead Mgmt | | (300.00) | |
| Gas South | | (1,509.55) | |
| DNA Insurance | | (40,357.01) | |
| **Total Debits** | | | (55,190.67) |
| **Cash Available** | | | 91,179.33 |

| Bills | Amount | Paid BOA | |
|---|---|---|---|
| Palmer Productions LLC (Bernie Palmer) | 12,500.00 | 12,500.00 | |
| Sophia Hellena Inc. (Lynch) | 10,416.67 | 10,416.67 | |
| Ozzie Areu | 30,000.00 | 30,000.00 | |
| GA Power | 20,000.00 | 20,000.00 | |
| Watershed Mgmt | 1,130.68 | 1,130.68 | |
| Terminx | 1,114.00 | 1,114.00 | |
| Waste Management | 700.00 | 700.00 | |
| Fontis Water | 18.86 | 18.86 | |
| Directv | 400.00 | 400.00 | |
| Humana | 6,540.00 | 6,540.00 | |
| Rinehart Security | 25,000.00 | 25,000.00 | |
| VSC | 10,000.00 | 10,000.00 | |
| Repairs & Maintenance | 15,000.00 | 15,000.00 | |
| Miscellaneous | 2,000.00 | 2,000.00 | |
| **Total Bills to Pay / Paid** | 134,820.21 | 134,820.21 | 134,820.21 |
| Revenue Sharing Income Due 1/15/21 | | | 182,773.00 |
| **Remaining Cash Available** | | | 139,132.12 |
| Adequate Protection Payment LV | | | (70,000.00) |
| **Remaining Cash Available** | | | **69,132.12** |

## Feb-21

| | |
|---|---:|
| **Cash Available 2/1/2021** | **69,732.00** |
| **Rental Income** | 154,000.00 |
| **Reserve for February Payroll** | (32,000.00) |
| Available for February Bills | 191,732.00 |

| Bills | Amount | |
|---|---:|---:|
| ATT | 725.00 | |
| ATT Internet | 2,000.00 | |
| Sohonet | 1,500.00 | |
| Ga Power | 9,000.00 | |
| Watershead Mgmt | 300.00 | |
| Gas South | 2,500.00 | |
| DNA Insurance | 12,000.00 | |
| Palmer Productions LLC (Bernie Palmer) | 12,500.00 | |
| Sophia Hellena Inc. (Lynch) | 10,416.67 | |
| Ozzie Areu | 30,000.00 | |
| GA Power | 25,000.00 | |
| Watershed Mgmt | 1,500.00 | |
| Terminx | 1,114.00 | |
| Waste Management | 700.00 | |
| Fontis Water | 20.00 | |
| Directv | 400.00 | |
| Humana | 6,540.00 | |
| Rinehart Security | 35,000.00 | |
| Johnson Controls | 12,800.00 | |
| Repairs & Maintenance | 15,000.00 | |
| VSC | 10,000.00 | |
| Miscellaneous | 2,000.00 | |
| Bus Dev | 1,500.00 | |
| **Total Bills to Pay / Paid** | **192,515.67** | **192,515.67** |
| Revenue Sharing Income Due 2/15/21 | | 50,000.00 |
| **Remaining Cash Available** | | **49,216.33** |