

**IT IS ORDERED as set forth below:**

**Date: March 17, 2021**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge
Signed as Revised by the Court**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**AREU STUDIOS, LLC,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 20-71228-PMB** |

**ORDER APPROVING
DISCLOSURE STATEMENT AND CONFIRMING CHAPTER 11 PLAN**

The above-captioned bankruptcy case came before the Court for a hearing (the "Confirmation Hearing") on March 11, 2021 at 11:30 a.m., to consider confirmation of the Plan (as defined herein) and final approval of the Disclosure Statement (as defined herein).

On November 11, 2020, Debtor filed its *Plan of Reorganization* (Doc. No. 17) and *Disclosure Statement for Plan of Reorganization* (Doc No. 16). On December 11, 2020, Debtor filed its *Amended Plan of Reorganization* (Doc No. 44) and *Amended Disclosure Statement for Amended Plan of Reorganization* (Doc No. 43). On February 5, 2021, Debtor filed its *Second*

56451/0012-40367609v1

*Amended Plan of Reorganization* (Doc No. 71) and on March 1, 2021, the Debtor filed its *First Modification to Second Amended Plan of Reorganization* (Doc No. 85). (The Second Amended Plan of Reorganization, as modified, and including the Hearing Amendments as defined below is hereinafter referred to as the "Plan"). On March 4, 2021, the Debtor filed its *Supplement to Amended Disclosure Statement for Plan of Reorganization for Areu Studios, LLC* (Doc No. 87). (The Amended Disclosure Statement, as supplemented, is hereinafter referred to as the "Disclosure Statement").

On December 16, 2020, the Court entered an *Order and Notice (A) Conditionally Approving Debtor's Disclosure Statement for Plan of Reorganization, (B) Establishing Balloting and Objection Deadlines, and (C) Scheduling Confirmation Hearing and Final Hearing on Disclosure Statement* ("Solicitation Order") (Doc No. 47). On December 22, 2020, the Court entered an *Order and Notice Scheduling Webex Confirmation Hearing* (Doc No. 50). On January 11, 2021, the Debtor filed its *Motion Requesting Continuance of Confirmation* (Doc No. 55). On January 14, 2021, the Court entered an *Order and Notice Rescheduling Webex Hearing and Extending Ballot and Objection Deadlines* (Doc No. 57). On February 15, 2021, the Debtor filed its *Second Motion Requesting Continuance of Confirmation Hearing* (Doc No. 77). On February 17, 2021, the Court entered an *Order and Notice Rescheduling Webex Hearing and Extending Ballot and Objection Deadlines* (Doc No. 79). On March 11, 2021, Debtor filed its *Ballot Certification and Summary of the Voting on Debtor's Plan of Reorganization as Modified or Amended* ("Ballot Report") (Doc. No. 120) reporting the results of voting with respect to the Plan.

At the Confirmation Hearing, Cameron M. McCord, Leslie M. Pineyro, and Leon S. Jones appeared on behalf of Areu Studios, LLC ("Debtor"). Henry Sewell and Shannon

2

Petrocino appeared on behalf of Cinelease, Inc. Gary Marsh and Nathan Deloatch appeared on behalf on behalf of LV Atlanta, LLC. Mike Robl appeared on behalf of Spot on Content, LLC. John Grimes appeared on behalf of TP Krog, LLC.

At the Confirmation Hearing, the following oral amendments were made to the Plan: (i) the Debtor will continue to timely pay United States Trustee fees as the same become due, (ii) as to Class 3, the Cinelease, Inc. contract is assumed as amended and extended pursuant to that certain extension agreement dated March 1, 2021, which extended the term of the contract through and including May 12, 2021, and (iii) as to Class 8, the payments to holders of the membership interests in Debtor will be made within thirty days of entry of the Confirmation Order (collectively and individually, the "Hearing Amendments").

Based upon the record in the case and the stipulations and agreements as set forth herein, the Court finds that the Debtor has timely and properly: (i) solicited the Plan and (ii) provided due notice of the Confirmation Hearing to holders of claims against Debtor and parties in interest, all in compliance with the Bankruptcy Code, Local Rules and Solicitation Order.

At the Confirmation Hearing, the Court found that the legal and factual bases set forth at the Confirmation Hearing and in the entire record in this case establish just cause for the relief granted at the Confirmation Hearing; and after due deliberation and good and sufficient cause appearing therefor, and based upon the Court's acceptance of the unopposed evidentiary proffer of testimony and evidence made at the Confirmation Hearing, and further based upon the entire record in this case and the Court's specially made findings of fact and conclusions of law made on the record at the Confirmation Hearing which are adopted herein pursuant to the provisions of Federal Rule of Civil Procedure 52(a), as made applicable by Federal Rules of Bankruptcy

Procedure 7052 and 9014, the Plan should be confirmed, and further based upon the following determinations by the Court:

1. The Court has jurisdiction over this Chapter 11 Case and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O), and the Court has jurisdiction to enter a Final Order with respect thereto. Debtor is an eligible debtor under section 109 of the Bankruptcy Code. Venue is proper before the Court pursuant to 28 U.SC. §§ 1408 and 1409.

2. Promptly following entry of the Solicitation Order, in compliance with the Bankruptcy Code and the Bankruptcy Rules, as evidenced by the *Certificate of Service* (Doc. No. 48) filed December 17, 2020, Debtor effectuated filing and service of the Solicitation Order, Plan, Disclosure Statement and a ballot for voting on the Plan (collectively the "Solicitation Materials").

3. Adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and matters described herein and in the Solicitation Order (i) was timely and properly provided; and (ii) provided due process and opportunity to appear and be heard to all parties in interest. No other or further notice is necessary or shall be required.

4. Debtor and Debtor's respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

5. Debtor, as proponent of the Plan, has met its burden of proving the elements of section 1129 of the Bankruptcy Code and established, upon the unopposed proffer of evidence by counsel for Debtor and the Court's judicial notice of all pleadings filed in this case (including proofs of claim), that Debtor's Plan satisfies the requirements of § 1129 of the Bankruptcy Code.

6. As evidenced by the Ballot Report and submissions at the Confirmation Hearing, five impaired classes of claims (determined without including any acceptance by an insider of Debtor) voted to accept the Plan. Specifically, Class 3 - the claim of Cinelease, Inc., Class 5 – the Secured Claim of LV Atlanta, LLC, Class 6 – the General Unsecured Claims, and Class 7 – the Unsecured Convenience Class voted to accept the Plan. Not all classes of the Plan voted to accept the Plan. Therefore, the Debtor was required to establish, and the Court so finds, that Debtor's Plan satisfies the requirements of 11 U.S.C 1129(b) with respect to such non-accepting classes.

7. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including without limitation the treatment of priority claims and secured claims.

Accordingly, it is hereby

**ORDERED** that the foregoing determinations including those enumerated in Paragraphs 1 through 7 above are hereby incorporated into this Confirmation Order as if fully set forth herein. It is further

**ORDERED** that the Disclosure Statement is ***approved on a final basis***; and it is further

**ORDERED** that the Plan is ***confirmed*** pursuant to 11 U.S.C. § 1129. All provisions of the Plan, including without limitation that certain Discounted Payoff Agreement dated February 24, 2021 and attached to the Plan as Exhibit A, shall bind Debtor, the Reorganized Debtor, all entities receiving property under the Plan, the Holders of all Claims and Equity Interests, and all Creditors whether or not the Claims of such Creditors are impaired under the Plan and whether or not such Creditors have accepted the Plan, and each of the respective successors and assigns of the foregoing, including, without limitation, the Reorganized Debtor. It is further

**ORDERED** that:

A. Notwithstanding any language to the contrary in the Plan as herein confirmed, this Court retains jurisdiction in this case for the limited purposes set forth in the Plan subject to the limitations of Bankruptcy Rules.

B. Effectuating Documents. On the Effective Date, the Reorganized Debtor shall execute and deliver all documents required to be issued or executed pursuant to the Plan and to give effect to the provisions contained in and relating to the Plan, including, all documents relating to any issuance of the new Equity Interests in the Reorganized Debtor and the debt and security documents to be issued to the lender of Reorganized Debtor, its Equity Holder and/or affiliate(s) thereof ("Lender"), each at the direction of and in form and substance satisfactory to the Reorganized Debtor and Lender, and the foregoing is authorized without further act or action under applicable law, regulation, order or rule.

C. New Equity. On the Effective Date, the Reorganized Debtor shall issue or reserve for issuance all of the Equity Interests in the Reorganized Debtor to Greenberg Georgia Film and Studio Holdings, LLC ("GFSH"). The GFSH Equity Interests shall represent 100% of the Equity Interests in Reorganized Debtor as of the Effective Date and shall be duly authorized, validly issued, fully paid and non-assessable.

D. Discharge of Debtor. Except as otherwise provided in the Plan, the rights afforded therein and the treatment of all Claims and Equity Interests therein shall be in exchange for and in complete satisfaction, settlement, discharge and release of all existing Claims and Equity Interests of any nature whatsoever, known or unknown against the Debtor or any of its assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan, on the Effective Date, all such Claims against and Equity Interests in the Debtor shall be, and shall be deemed to be, satisfied, released discharged and terminated in full, and all holders of Claims and Equity Interest shall be precluded and enjoined from asserting against the Reorganized Debtor, GFSH or any of their respective assets or properties, any other or further Equity Interest or Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a Proof of Claim. Except as provided in the Plan, confirmation will, as of the Effective Date, discharge the Debtor from all Claims or other debts that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not a Proof of Claim based on such debt is filed or deemed filed pursuant to the Bankruptcy Code.

E. Injunction. Except as otherwise expressly provided in the Plan or in this Order, from and after the Effective Date, all persons who have held, hold or may hold Claims against or Equity Interests in the Debtor are permanently enjoined from:

    (i) commencing, conducting, enforcing or continuing in any manner, directly or indirectly, any Claim, lien, levy, enforcement measure, suit, action, Cause of Action or other act or proceeding of any kind (including, without limitation, in any judicial, arbitration, administrative or other forum) against or affecting the Reorganized Debtor, its assets or the Estate on account of or respecting any Claim, Equity Interest, obligation, debt, right, cause of action, remedy or liability discharged, released or to be released pursuant to the Plan.

 F. <u>Binding Effect</u>.  The Plan and its provisions shall be binding upon the Debtor, the Reorganized Debtor, any entity acquiring property under the Plan, and holders of Claims against or Interests in the Debtor, whether or not the Claims or Interests of such creditors or interest holders or obligations of any parties-in-interest are impaired under the Plan and whether or not such creditors, interest holders or parties-in-interest have voted, or are deemed to have voted, for or against the Plan.

 G. <u>Vesting of Assets.</u> Except as otherwise provided in the Plan, upon the Effective Date, title to all assets and properties of the Estate shall automatically, and without the need to execute any additional documents, vest in the Reorganized Debtor in accordance with 11 U.S.C. § 1141 of the Bankruptcy Code, free and clear of all Claims, and Interests including, without limitation, all judgment or statutory liens filed against the Debtor and Debtor-in-Possession or its assets. The Confirmation Order shall act to discharge and release all such judicial and statutory liens without the need for the Debtor and Debtor-in-Possession or holders of the statutory lien to file any further documents. The Confirmation Order may, but need not be, filed in the appropriate recording offices as evidence of the Reorganized Debtor's ownership of all property of the Debtor's estate

 H. If it is determined that any inconsistency exists between a Plan provision and this Confirmation Order, then the provisions of this Confirmation Order shall govern. It is further

**ORDERED** that counsel for the Debtor shall serve a copy of this order on all parties on the mailing matrix within three (3) days of entry and file a certificate of service evidencing the method and manner of service.

**[End of Order]**

Prepared and Presented By:
**JONES & WALDEN LLC**

/s/ *Cameron M. McCord*
Cameron M. McCord
Georgia Bar No.143065
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
Counsel for Debtor
(404) 564-9300